IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMY R. BRIGHAM, SR., | § | |
| VS. | § | CIVIL ACTION NO. 1:15-CV-440 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jimmy R. Brigham, an inmate formerly confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding with counsel, filed the above-referenced civil rights action pursuant to 42 U.S.C. § 1983 against defendants.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends defendants' motion for summary judgment based on qualified immunity be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff's counsel did not file objections to the Report and Recommendation. However, plaintiff filed a motion for extension of time to file objection and objections. Defendants filed a motion to strike and a response to the objections.

### Motion to Strike

A Report and Recommendation was entered by the Magistrate Judge on August 3, 2017 (docket entry no. 61). As outlined above, plaintiff's counsel did not file objections to the Report and Recommendation. Plaintiff himself, however, did file a motion for extension of time to file objections to the Report and Recommendation on August 16, 2017 (docket entry no. 62). Defendants filed a Motion to Strike the Motion for Extension of Time and a Response in Opposition on August 18, 2017 (docket entry nos. 63 & 64). Plaintiff then filed his objections on August 21,

2017 (docket entry no. 65).

Plaintiff has been represented by counsel since the inception of this case. Plaintiff has not moved for withdrawal of counsel or otherwise suggested he is no longer represented by counsel. Federal law permits parties to "plead and conduct their own cases personally or by counsel . . ." 28 U.S.C. § 1654. This statute has been interpreted by this District to mean that a civil litigant may represent himself or be represented by counsel, but cannot have it both ways. *See Diamond Consortium, Inc., v. Manookian*, 4:16-CV-094 (docket entry no. 225) (E.D. Tex. May 31, 2017) (citing *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004)). "There is no right to hybrid representation in the federal courts." *McCulloch*, 364 F.3d at 5.

As argued by defendants, plaintiff's *pro se* motion is an improper attempt to avail himself of hybrid representation without authorization. Plaintiff offers no good cause as to why his counsel of record did not file objections to the Report and Recommendation. This court must assume counsel waived his right to object. Defendants' Motion to Strike (docket entry no. 63) plaintiff's Motion for Extension of Time to File Objections and Objections is **GRANTED**. Plaintiff's Motion for Extension of Time to File Objections (docket entry no. 62) and Objections (docket entry no. 65) are **STRUCK** from the record in this cause.

Objections

The court, in the alternative, considers and finds plaintiff's objections lacking in merit. *See* FED. R. CIV. P. 72(b) (this requires a *de novo* review of the objections in relation to the pleadings and applicable law). Contrary to petitioner's belief, the Magistrate Judge did not recommend that his civil rights action be dismissed for failure to exhaust administrative remedies. The Magistrate Judge, in fact, found that plaintiff did exhaust his administrative remedies with respect to his claims but recommended plaintiff's claims be dismissed based on qualified immunity.

Specifically, the Magistrate Judge found that plaintiff has failed to produce competent summary judgment evidence that demonstrates defendants Morgan, Bowman, Jones, Hawkins, Davis, West, and Holloway actually engaged in any conduct that violated a clearly-established right.

As outlined by the Magistrate Judge, as evidence, plaintiff provided the sworn declaration of plaintiff and several other inmates. Exhibits A, C-H (docket entry nos. 56-1, 56-3 thru 56-8). None of these declarations, however, identify any of the defendants in this lawsuit as individuals who served peanut butter to plaintiff on any specified date and time. On the present record, there is simply no evidence of deliberate indifference on the part of any of the defendants in this lawsuit. Plaintiff cannot rest on the allegations of his pleadings alone and has failed to create an issue of material fact. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (citation omitted). Defendants are entitled to qualified immunity. Furthermore, plaintiff's request for injunctive relief should be denied as plaintiff has failed to demonstrate he will actually prevail on the merits of his claim. *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987).

ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge